1   Ellen M. Bronchetti (SBN 226975)
    GREENBERG TRAURIG, LLP
2   12760 High Bluff Drive, Suite 240
    San Diego, CA 92130
3   Telephone: (619) 848-2523
    Facsimile: (949) 732-6501
4   ellen.bronchetti@gtlaw.com

5   Tayanah C. Miller (SBN 299123)
    GREENBERG TRAURIG, LLP
6   101 Second Street, Suite 2200
    San Francisco, CA 94105
7   Telephone: (415) 655-1300
    Facsimile: (415) 707-2010
8   millerta@gtlaw.com

9   Bailey A. Hashim (SBN 322098)
    GREENBERG TRAURIG, LLP
10  400 Capitol Mall, Suite 2400
    Sacramento, California 95814
11  Telephone: (916) 442-1111
    Facsimile: (916) 448-1709
12  bailey.hashim@gtlaw.com

13  Attorneys for Defendant
14  EUROMARKET DESIGNS, INC.

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17

18  NICOLE A. WILLIAMS, individually      CASE NO.
    and on behalf of others similarly
19  situated,                             **DECLARATION OF ELLEN
                                          BRONCHETTI IN SUPPORT OF
20        Plaintiff,                      DEFENDANT EUROMARKET
                                          DESIGNS, INC.'S NOTICE OF
21  v.                                    REMOVAL**

22  EUROMARKET DESIGNS, INC. DBA          **[28 U.S.C. §§ 1332, 1441, and 1446]**
    CB2 AND CRATE & BARREL AND
23  CRATE & KIDS AND HUDSON               *[Filed concurrently with the Declaration
    GRACE; and DOES 1 through 25,         of Marissa Soran, Notice of Removal,
24  inclusive,                            Corporate Disclosure Statement, and Civil
                                          Case Cover Sheet]*
25        Defendants.
                                          Removed from Los Angeles County
26                                        Superior Court – Case No. 24STCV01463

27                                        Action Filed:  January 18, 2024

28

                                    1
    DECLARATION OF ELLEN BRONCHETTI IN SUPPORT OF DEFENDANT EUROMARKET DESIGNS INC.'S
                              NOTICE OF REMOVAL

I, Ellen Bronchetti, declare:

1. I am an attorney duly licensed to practice law in the State of California. I am a shareholder at Greenberg Traurig, LLP, counsel of record for Defendant Euromarket Designs, Inc. ("Defendant" or "Euromarket") in the above-entitled matter. I make this declaration in support of Defendant's Notice of Removal. I have personal knowledge of the facts stated herein or know of such facts from my review of the case documents and the court docket in this matter and other information that is publicly available or provided to me by Euromarket and, if called upon, I could and would testify competently to their truth.

2. On January 18, 2024, Plaintiff Nicole A. Williams ("Plaintiff" or "Williams") filed a putative Class Action Complaint in the Superior Court of California for the County of Los Angeles ("State Court"), entitled *Nicole A. Williams*, *et al. v. Euromarket Design, Inc.*, Case No. 24STCV01463 (the "State Court Action"). A true and correct copy of the Complaint and Summons is attached as **Exhibit A** to Defendant's Notice of Removal being filed concurrently herewith.

3. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** to Euromarket's Notice of Removal being filed concurrently herewith are all other (*i.e.*, excluding Exhibit A) process, pleadings, and orders served upon Euromarket in the State Court Action.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing the Notice of Removal, Defendant will give separate written notice to all adverse parties and shall file a copy of said notice with the clerk of the Los Angeles County Superior Court.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 11th day of April, 2024, at San Diego, California.

Ellen Bronchetti

DECLARATION OF ELLEN BRONCHETTI IN SUPPORT OF DEFENDANT EUROMARKET DESIGNS INC.'S
NOTICE OF REMOVAL

# EXHIBIT A

1   Jonathan M. Genish (State Bar No. 259031)
    jgenish@blackstonepc.com
2   Barbara DuVan-Clarke (State Bar No. 259268)
    BDC@blackstonepc.com
3   Alexander K. Spellman (State Bar No. 250398)
    aspellman@blackstonepc.com
4   P.J. Van Ert (State Bar No. 234858)
    pjvanert@blackstonepc.com
5   BLACKSTONE LAW, APC
    8383 Wilshire Boulevard, Suite 745
6   Beverly Hills, California 90211
    Telephone: (310) 622-4278 / Fax: (855) 786-6356
7
    Angel J. Horacek (State Bar No. 245680)
8   LAW OFFICES OF ANGEL J. HORACEK, PC
    5701 West Slauson Avenue, Suite 210
9   Culver City, CA 90230
    Telephone: (310) 774-0323 / Fax (310) 774-3945
10  angel@horaceklaw.com

11  Attorneys for Plaintiff
    NICOLE A. WILLIAMS, individually and on
12  behalf of others similarly situated

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  FOR THE COUNTY OF LOS ANGELES

15
    NICOLE A. WILLIAMS, individually and on      Case No.: 24STCV01463
16  behalf of others similarly situated,
                                                 CLASS ACTION COMPLAINT FOR:
17
                                                 (1) Violation of Cal. Labor Code §§ 1194,
18              Plaintiff,                            1197 and 1197.1 (Minimum Wages);

19      vs.
                                                 (2) Violation of Cal. Labor Code §§ 510
20  EUROMARKET DESIGNS, INC. DBA CB2                 and 1198 (Unpaid Overtime);
    AND CRATE & BARREL AND CRATE &
21  KIDS AND HUDSON GRACE; and DOES 1
    through 25, inclusive,                       (3) Violation of Cal. Labor Code §§ 226.7
22                                                   and 512(a) (Meal Break Violations);

23              Defendants.

24                                               (4) Violation of Cal. Labor Code § 226.7
                                                     (Rest Break Violations);
25

26                                               (5) Violation of Cal. Labor Code §§ 204
                                                     and 210 (Wages Not Timely Paid
27                                                   During Employment);

28

                          CLASS ACTION COMPLAINT

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/18/2024 9:32 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

(6)  **Violation of Cal. Labor Code § 226(a) (Wage Statement Violations);**

(7)  **Violation of Cal. Labor Code §§ 201, 202 and 203 (Untimely Final Wages);**

(8)  **Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses); and**

(9)  **Violation of Cal. Business & Professions Code § 17200, *et seq*.**

**DEMAND FOR JURY TRIAL**

Plaintiff NICOLE A. WILLIAMS ("Plaintiff"), individually and on behalf of members of the general public similarly situated, alleges as follows against defendant(s) EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE and DOES 1 through 25, inclusive ("Defendants"):

## INTRODUCTION

1.      This is a class action to recover damages on behalf of Plaintiff and all similarly situated individuals who worked for Defendants in the State of California as hourly-paid and/or non-exempt employees at any time from four years prior to the date of this Complaint through final judgment ("Class Period") ("Class Members").

2.      Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, regular rate/straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, failed to maintain accurate payroll records, and failed to reimburse them for necessary business expenses.

3.      As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4.      This is a class action lawsuit brought pursuant to California Code of Civil Procedure section 382.

5.      The monetary damages, restitution, statutory penalties, and other applicable legal and equitable relief sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

6.      This Court has jurisdiction over this action pursuant to the California Constitution,

1    Article VI, section 10, which grants the superior court "original jurisdiction in all other causes" except

2    those given by statute to other courts. The statutes under which this action is brought do not specify

3    any other basis for jurisdiction.

4        7.    This Court has jurisdiction over all Defendants because, upon information and belief,

5    Defendants are either citizens of California, have sufficient minimum contacts in California, and/or

6    otherwise intentionally avail themselves of the California market so as to render the exercise of

7    jurisdiction over them by the California courts consistent with traditional notions of fair play and

8    substantial justice. Further, no federal question is at issue because the claims asserted herein are based

9    solely on California law.

10        8.    Venue is proper in this Court because, upon information and belief, Defendants

11    maintain offices, have agents, employ individuals, and/or transact business in the State of California,

12    County of Los Angeles. Many of the acts, events, and violations alleged herein relating to Plaintiff

13    occurred throughout the state of California, including in the County of Los Angeles.

14                        **THE PARTIES**

15        9.    At all times herein mentioned, Plaintiff NICOLE A. WILLIAMS is and was an

16    individual residing in Los Angeles County in the State of California.

17        10.    At all times herein mentioned, Defendant EUROMARKET DESIGNS, INC. DBA

18    CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE was and is, an

19    employer who does business in California, with locations throughout the state of California, and whose

20    employees are engaged throughout Los Angeles County and the State of California, including at 23410

21    Civic Center Way Suite A-1, Malibu, California 90265.

22        11.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under

23    the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the complaint and

24    serve such fictitiously named Defendants once their names and capacities become known.

25        12.    Plaintiff is informed and believe, and thereon allege, that the acts and omissions alleged

26    herein were performed by, or are attributable to EUROMARKET DESIGNS, INC. DBA CB2 AND

27    CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE and/or DOES 1 through 25,

28    each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each

1  of the other co-Defendants and within the course and scope of such agency, employment, joint venture,

2  or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent

3  and were in accordance with Defendants' official policies.

4        13.    At all relevant times, Defendants were the employers of Plaintiff within the meaning

5  of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the

6  working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make

7  each of said Defendants employers and employers liable under the statutory provisions set forth herein.

8        14.    Defendants had the authority to hire and terminate Plaintiff and the other class

9  members, to set work rules and conditions governing Plaintiff and the other class members'

10  employment, and to supervise their daily employment activities.

11        15.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff

12  and the other class members' employment for them to be joint employers of Plaintiff and the other

13  class members.

14        16.    Defendants directly hired and paid wages to Plaintiff and the other class members.

15        17.    Defendants continue to employ hourly paid and/or non-exempt employees within the

16  State of California.

17        18.    At all relevant times, Defendants, and each of them, ratified each act or omission

18  complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts

19  and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

20        19.    Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some

21  manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and

22  transactions alleged herein.

23                        **GENERAL ALLEGATIONS**

24        20.    Plaintiff worked for Defendants from approximately May 2023 through approximately

25  October 2023 as a Design Consultant. Defendants jointly and severally employed Plaintiff at their

26  location in Los Angeles, California. Plaintiff performed various duties for Defendants including,

27  among other things, assisting with interior design and selling brand ideas to customers. Defendants'

28  business involves design and furnishings, and Defendants maintain employees throughout California,

1    including in Los Angeles County.

2        21.    Plaintiff is informed and believes, and thereon alleges that Defendants engaged in a

3    pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set

4    forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring

5    Plaintiff and the class members to work off-the-clock without compensation, failing to properly pay

6    wages for all hours worked, failing to provide all meal and rest breaks to which Plaintiff and class

7    members were entitled and failing to pay meal and rest break premiums when due, failing to timely

8    pay wages during employment and upon termination of employment, failing to provide accurate wage

9    statements, failing to reimburse necessary business-related expenses and failing to adhere to other

10   related protections afforded by the California Labor Code and the applicable Industrial Welfare

11   Commission Wage Order.

12       22.    Defendants knew or should have known that they had a duty to compensate Plaintiff

13   and class members pursuant to California law. Defendants had the financial ability to pay such

14   compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants'

15   profits.

16                              **CLASS ACTION ALLEGATIONS**

17       23.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others

18   similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure

19   section 382. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and

20   superiority requirements under California Code of Civil Procedure section 382.

21       24.    The proposed *Class* is defined as follows:

22              **All current and former hourly-paid and/or non-exempt employees**

23              **who worked for Defendants in the State of California at any time**

24              **during the period from four years prior to the date of the filing of**

25              **this Complaint until final judgment.**

26       25.    The proposed *Former Employee Sub-Class* is defined as follows:

27              **All former hourly-paid and/or non-exempt employees who worked**

28              **for Defendants in the State of California at any time during the**

period from four years prior to the date of the filing of this Complaint until final judgment.

26.     Plaintiff reserves the right to establish additional subclasses as appropriate.

27.     There is a well-defined community of interest in this litigation and the Class is easily ascertainable. While the exact number and identities of class members are currently unknown to Plaintiff, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

28.     The Class is so numerous that the individual joinder of all its members is impracticable.

29.      Common questions of fact and law exist as to all class members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include the following:

i.     Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiff and the other class members for all hours worked;

ii.     Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and the other class members for all overtime hours worked;

iii.     Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiff and the other class members;

iv.     Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiff and the other class members;

v.     Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

vi.     Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

vii.     Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

viii.     Whether Defendants failed to pay all wages due to Plaintiff and the other class members

1    within the required time upon their discharge or resignation;

2    ix.    Whether Defendants failed to comply with wage reporting as required by the California

3    Labor Code; including, *inter alia*, section 226;

4    x.    Whether Defendants failed to reimburse Plaintiff and the other class members for

5    necessary business-related expenses and costs;

6    xi.    Whether Defendants' conduct was willful or reckless;

7    xii.    Whether Defendants engaged in unfair business practices in violation of California

8    Business & Professions Code section 17200, *et seq.*;

9    xiii.    The appropriate amount of damages, restitution, and/or monetary penalties resulting

10    from Defendants' violation of California law; and

11    xiv.    Whether Plaintiff and the other class members are entitled to compensatory damages

12    pursuant to the California Labor Code.

13    30.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are

14    coincident with and not antagonistic to those of the other class members Plaintiff seeks to

15    represent. Plaintiff will fairly and adequately protect the interests of the members of the Class.

16    Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intend to

17    prosecute this action vigorously.

18    31.    A class action is superior to other available methods for the fair and efficient

19    adjudication of this controversy since individual litigation of the claims of all class members is

20    impracticable. Even if every class member could afford individual litigation, the court system could

21    not. It would be unduly burdensome on the courts in which individual litigation of numerous cases

22    would proceed. Individualized litigation would also present the potential for varying, inconsistent

23    and/or contradictory judgments and would magnify the delay and expense to all parties and to the

24    court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct

25    of this action as a class action presents fewer management difficulties, conserves the resources of the

26    parties and of the court system, and protects the rights of each class member.

27    32.    Certification of this lawsuit as a class action will advance public policy objectives.

28    Employers of this great state violate employment and labor laws every day. Current employees are

6
**CLASS ACTION COMPLAINT**

1  often afraid to assert their rights out of fear of direct or indirect retaliation. However, class

2  actions provide the class members who are not named in the complaint anonymity that allows for the

3  vindication of their rights.

### FIRST CAUSE OF ACTION

#### VIOLATION OF LABOR CODE SECTIONS 1194, 1197, AND 1197.1

#### Failure to Pay Minimum Wage

#### (Against All Defendants)

33.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

34.    California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the other class members were frequently suffered or permitted to work "off-the-clock", such that they were not paid minimum wage for all hours worked.

35.    Such "off-the-clock" work that Plaintiff and class members were suffered and/or permitted to work, and for which Plaintiff and class members did not receive minimum wage include *inter alia*: (1) accepting shipments, addressing worksite issues, and handling appointments prior to clocking in; (2) working through meal periods while clocked out to provide customer service and to perform typical job duties; (3) assisting customers after clocking out; and (4) responding to text messages and emails in between shifts.

36.    Moreover, Defendants had a policy, practice and procedure of rounding employee time such that Plaintiff and some or all class members were systematically unpaid and/or underpaid for time worked over the course of their employment.

37.    Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other class members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

38.    Defendants knew or should have known that Plaintiff and class members were performing such work "off-the-clock" because, among other things, Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiff and class members to perform

7

1  such work.

2      39.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as

3  required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections,

4  Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage

5  compensation, as well as interest, costs, and attorney's fees.

6      40.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

7  members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

8  and interest thereon.

9  **SECOND CAUSE OF ACTION**

10  **VIOLATION OF LABOR CODE SECTIONS 510 AND 1198**

11  **Unpaid Overtime**

12  **(Against All Defendants)**

13      41.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

14      42.    California Labor Code section 1198 and the applicable Industrial Welfare Commission

15  ("IWC") Wage Order provide that it is unlawful to employ persons for extended periods of time

16  without compensating them at a rate of pay either time-and-one-half or two-times that person's regular

17  rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

18      43.    Specifically, the applicable IWC Wage Order provides that Defendants were required

19  to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in

20  excess of eight (8) hours in a day, in excess of forty (40) hours in a workweek and/or the first eight

21  (8) hours worked on the seventh consecutive day in a workweek.

22      44.    The applicable IWC Wage Order further provides that Defendants were required to pay

23  Plaintiff and the other class members overtime compensation at a rate of two (2) times their regular

24  rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in

25  excess of eight (8) hours on the seventh consecutive day in a workweek.

26      45.    California Labor Code section 510 codifies the right to overtime compensation at one-

27  and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, forty

28  (40) hours in a week, or for the first eight (8) hours worked on the seventh day of work, and to overtime

1  compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day

2  or in excess of eight (8) hours in a day on the seventh day of work.

3    46.    Plaintiff and the other class members regularly worked in excess of eight (8) hours in

4  a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week and/or seven (7)

5  consecutive days in a workweek. However, Defendants did not accurately record Plaintiff and the

6  other class members' actual hours worked and intentionally and willfully failed to pay all overtime

7  wages owed to Plaintiff and the other class members. Defendants' failure to pay correct overtime

8  wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and

9  the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under

10  Labor Code sections 510 and 1198 and/or the applicable Wage Order; (b) when Defendants

11  intentionally, willfully and/or negligently mischaracterized overtime as regular rate/straight time, or

12  similarly mischaracterized double time as time-and-a-half, regular rate/straight time, or minimum

13  wage; (c) when Defendants assigned more work than could reasonably be completed in a workday or

14  workweek to Plaintiff and class members, but refused to authorize the overtime necessary for them to

15  complete the assigned work; and (d) when Defendants failed to include all required wages and

16  renumeration when calculating setting the overtime rate.

17    47.    Defendants' failure to pay Plaintiff and the other class members as outlined above

18  violates California Labor Code sections 510 and 1198 and the applicable Wage Order and is therefore

19  unlawful.

20    48.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members

21  are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

22                    **THIRD CAUSE OF ACTION**

23              **VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**

24                        **Meal Break Violations**

25                        **(Against All Defendants)**

26    49.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

27    50.    California Labor Code sections 226.7 and 512(a) and the applicable Wage Order

28  govern Plaintiff and the other class members' employment by Defendants.

51.    California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC Order.

52.    The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

53.    The applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

54.    Plaintiff and the other class members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

55.    Plaintiff and the other class members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

56.    Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members for work performed during meal periods. This includes, among other things, requiring Plaintiff and class members to work through their lunch breaks, permitting and/or requiring Plaintiff and class members to take late lunch breaks, permitting and/or requiring Plaintiff and class members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and class members during their lunch breaks, failing to relieve Plaintiff and class members of all duties during their lunch breaks, and

1 | restricting Plaintiff and class members from leaving the premises during their lunch breaks.

2 | 57.    Further, because of Defendants' rounding policy, meal breaks were at times incorrectly

3 | recorded as compliant, when in reality they were untimely and/or cut short.

4 | 58.    During the relevant time period, Defendants failed to pay Plaintiff and the other class

5 | members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and

6 | the applicable Wage Order.

7 | 59.    Defendants' conduct therefore violates the applicable IWC Wage Order and California

8 | Labor Code sections 226.7 and 512(a).

9 | 60.    Pursuant to the applicable IWC Wage Order and California Labor Code section

10 | 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional

11 | hour of pay at their regular rate of compensation for each workday that a compliant meal

12 | period was not provided as well as interest thereon.

13 | **FOURTH CAUSE OF ACTION**

14 | **VIOLATION OF LABOR CODE SECTION 226.7**

15 | **Rest Break Violations**

16 | **(Against All Defendants)**

17 | 61.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

18 | 62.    California Labor Code section 226.7 and the applicable IWC Wage Order govern

19 | Plaintiff and the other class members' employment by Defendants.

20 | 63.    California Labor Code section 226.7 provides that no employer shall require an

21 | employee to work during any rest period mandated by an applicable order of the California IWC.

22 | 64.    The applicable IWC Wage Order provides that "[e]very employer shall authorize and

23 | permit all employees to take rest periods, which insofar as practicable shall be in the middle of each

24 | work period" and that the "rest period time shall be based on the total hours worked daily at the rate

25 | of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily

26 | work time is less than three and one-half (3½) hours."

27 | 65.    Defendants routinely required Plaintiff and the other class members to work three and

28 | one-half (3½) or more hours without authorizing or permitting a compliant ten (10) minute rest period

1    per each four (4) hour period, or major fraction thereof, worked.

2        66.    Moreover, Defendants willfully required, suffered and permitted Plaintiff and the other

3    class members to work during what should have been their rest periods. Defendants also failed to

4    relieve Plaintiff and the other class members of all duties for ten (10) minutes as required for compliant

5    rest breaks.

6        67.    As a result, Plaintiff worked through rest periods, took late rest periods, took

7    interrupted rest periods, and/or took short rest periods, if at all.

8        68.    Pursuant to the applicable IWC Wage Order and California Labor Code section

9    226.7(b), Plaintiff and the other class members were entitled to recover from Defendants one (1)

10    additional hour of pay at their regular hourly rate of compensation for each workday that compliant

11    rest period(s) were not provided.

12        69.    Defendants had no policy or practice to pay a premium when rest periods were missed,

13    short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants

14    failed to pay Plaintiff and the other class members the full rest period premium due to them in violation

15    of California Labor Code section 226.7 and the applicable IWC Wage Order.

16        70.    Pursuant to the applicable IWC Wage Orders and California Labor Code section

17    226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional

18    hour of pay at their regular rate of compensation for each workday complaint rest period(s) were not

19    provided as well as interest thereon.

20        **FIFTH CAUSE OF ACTION**

21        **VIOLATION OF CALIFORNIA LABOR CODE §§ 204 AND 210**

22        **Failure to Timely Pay Wages During Employment**

23        **(Against All Defendants)**

24        71.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

25        72.    California Labor Code section 204 provides that all wages earned by any person in any

26    employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages

27    due upon termination of an employee, are due and payable between the 16th and 26th day of the month

28    during which the labor was performed.

**CLASS ACTION COMPLAINT**

73.    California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

74.    California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

75.    As a result of the violations set forth in detail above (failure to pay minimum wages, failure to pay overtime, meal break violations, rest break violations, and failure to pay any remuneration, wages, pay, or monies as they became due, *e.g.*, accrued gratuities, bonuses, commissions, etc.), Defendants intentionally and willfully failed to timely pay Plaintiff and other class members all wages due to them within the period permissible under California Labor Code section 204.

76.    Plaintiff and other class members are entitled to recover all available remedies for Defendant's violations of California Labor Code section 204, including statutory penalties pursuant to Labor Code section 210(b).

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226(a)

**Failure to Provide Accurate Wage Statements**

**(Against All Defendants)**

77.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

78.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

79.    As a result of the violations set forth in detail above (failure to pay minimum wages, failure to pay overtime, meal break violations, rest break violations, and failure to pay any remuneration, wages, pay, or monies as they became due, *e.g.*, accrued gratuities, bonuses, commissions, etc.), Defendants intentionally and willfully failed to provide Plaintiff and the other class

1   members with complete and accurate wage statements. The deficiencies include, among other things,

2   the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to

3   include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly,

4   Defendants violated California Labor Code 226(a).

5        80.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff

6   and the other class members have suffered injury and damage to their statutorily protected rights.

7        81.    Specifically, Plaintiff and the other class members have been injured by Defendants'

8   intentional violation of California Labor Code section 226(a) because they were denied both their legal

9   right to receive, and their protected interest in receiving, accurate, itemized wage statements under

10  California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate

11  number of total hours worked on wage statements, Plaintiff and the other class members have been

12  prevented by Defendants from determining if all hours worked were paid and the extent of the

13  underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct

14  time records, and perform computations in order to analyze whether in fact Plaintiff and the other class

15  members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur

16  expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs

17  had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's

18  ability to demand and recover the underpayment of wages from Defendants.

19       82.    Plaintiff and the other class members are entitled to recover from Defendants the

20  greater of their actual damages caused by Defendants' failure to comply with California Labor Code

21  section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

22                          **SEVENTH CAUSE OF ACTION**

23              **VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

24                          **Final Wages Not Timely Paid**

25                          **(Against All Defendants)**

26       83.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

27       84.    Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required

28  to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code

**CLASS ACTION COMPLAINT**

section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

85.    California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

86.    As a result of the violations set forth in detail above (failure to pay minimum wages, failure to pay overtime, meal break violations, rest break violations, and failure to pay any remuneration, wages, pay, or monies as they became due, *e.g.*, accrued gratuities, bonuses, commissions, etc.), at the time that Plaintiff and the other class members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, minimum wages or regular rate/straight time wages, overtime wages, meal period premium wages, rest period premium wages, and all remuneration, wages, pay, or monies due to Plaintiff and class members (*e.g.*, accrued gratuities, bonuses, commissions, etc.), as required per California Labor Code sections 204.

87.    As a result, Plaintiff and the other class members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

///

///

///

///

**CLASS ACTION COMPLAINT**

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTIONS 2800 AND 2802**

**Failure to Reimburse Necessary Business Expenses**

**(Against All Defendants)**

88.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

89.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or his job duties or in direct consequence of his or her obedience to the directions of the employer.

90.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including, but not limited to the usage of personal cell phones/internet usage for work-related purposes, laptops, and vehicles for work related purposes.

91.    Defendants intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other class members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**NINTH CAUSE OF ACTION**

**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET. SEQ.***

**Unfair and Unlawful Business Practices**

**(Against All Defendants)**

92.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

93.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint including but not limited to Defendants' failure and refusal to pay minimum wages or regular rate/straight time wages, Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to

**CLASS ACTION COMPLAINT**

provide required rest periods and/or pay the required rest break premiums, Defendants' failure to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses, and Defendants' failure to timely pay wages upon termination constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq.*

94.     Defendants' violations of California wage and hour laws constitute an unfair and unlawful business practice because. Among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the other class members.

95.     Defendants have avoided payment of minimum wages, regular rate/straight time wages, overtime wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

96.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during Plaintiff and the other class members' tenure at the expense of Plaintiff, the other class members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the other class members.

97.     Defendants' unfair and unlawful business practices entitle Plaintiff and the other class members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and the other class members the wages and other compensation unlawfully withheld from them. Plaintiff and the other class members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

///

**Class Certification**

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

6.    For general unpaid wages and such general and special damages as may be appropriate;

7.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

8.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

9.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

10.    For liquidated damages pursuant to California Labor Code section 1194.2;

11.    For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

12.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

13.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

**CLASS ACTION COMPLAINT**

1  Labor Code section 1194;

2      16.    For such other and further relief as the Court may deem just and proper.

3  <div align="center">**As to the Third Cause of Action**</div>

4      17.    That the Court declare, adjudge and decree that Defendants violated California Labor

5  Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal

6  periods, (including second meal periods) to Plaintiff and the other class members;

7      18.    For premium wages pursuant to California Labor Code section 226.7(c);

8      19.    For all actual, consequential, and incidental losses and damages, according to proof;

9      20.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

10      21.    For reasonable attorneys' fees and costs of suit incurred herein;

11      22.    For such other and further relief as the Court may deem just and proper.

12  <div align="center">**As to the Fourth Cause Action**</div>

13      23.    That the Court declare, adjudge and decree that Defendants violated California Labor

14  Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to

15  Plaintiff and the other class members;

16      24.    For premium wages pursuant to California Labor Code section 226.7(c);

17      25.    For all actual, consequential, and incidental losses and damages, according to proof;

18      26.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

19      27.    For such other and further relief as the Court may deem just and proper.

20  <div align="center">**As to the Fifth Cause of Action**</div>

21      28.    That the Court declare, adjudge and decree that Defendants violated California Labor

22  Code section 204 by willfully failing to pay all compensation owed at the time required by California

23  Labor Code section 204 to Plaintiff and the Class;

24      29.    For statutory penalties pursuant to California Labor Code section 210;

25      30.    For such other and further relief as the Court deems just and proper.

26  <div align="center">**As to the Sixth Cause of Action**</div>

27      31.    That the Court declare, adjudge and decree that Defendants violated the provisions of

28  California Labor Code section 226(a) and applicable IWC Wage Order as to Plaintiff and the other

<div align="center">19</div>

class members, and willfully failed to provide accurate itemized wage statements to them;

32.    For actual, consequential and incidental losses and damages, according to proof;

33.    For statutory penalties pursuant to California Labor Code section 226(e);

34.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

35.    For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

36.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

37.    For all actual, consequential, and incidental losses and damages, according to proof;

38.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

39.    For pre-judgment interest on any unpaid compensation from the date due;

40.    For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

41.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

42.    For actual, consequential and incidental losses and damages, according to proof;

43.    For the imposition of civil penalties and/or statutory penalties;

44.    For reasonable attorneys' fees and costs of suit incurred herein; and

45.    For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

46.    That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiff and the other class members: 1194, 1197, and 1197.1

1   (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a)

2   (by failing to provide meal and rest periods or compensation in lieu thereof); 204 (by failing to timely

3   pay wages during employment); 226(a) (by failing to provide accurate wage statements); and 201,

4   202, and 203 (by failing to pay all wages owed upon termination); and 2800 and 2802 (by failing to

5   reimburse business-related expenses);

6       47.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-

7   judgment interest from the day such amounts were due and payable;

8       48.    For the appointment of a receiver to receive, manage and distribute any and all funds

9   disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

10  result of violation of California Business and Professions Code sections 17200, *et seq.*;

11      49.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

12  Code of Civil Procedure section 1021.5; and

13      50.    For injunctive relief to ensure compliance with this section, pursuant to California

14  Business and Professions Code sections 17200, *et seq.*

15

16  DATED: January 17, 2024                    BLACKSTONE LAW, APC

17

18                                      By: _____

19                                          Jonathan M. Genish, Esq.
                                            Barbara DuVan-Clarke, Esq.
20                                          Alexander K. Spellman, Esq.
                                            P.J. Van Ert, Esq.

21
                                            Attorneys for Plaintiff
22                                          NICOLE A. WILLIAMS, *individually and on*
                                            *behalf of others similarly situated*
23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1
## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4   DATED: January 17, 2024              **BLACKSTONE LAW, APC**

5

6                                       By:

7                                          Jonathan M. Genish, Esq.
                                           Barbara DuVan-Clarke, Esq.
                                           Alexander K. Spellman, Esq.
8                                          P.J. Van Ert, Esq.

9
                                           Attorneys for Plaintiff
10                                         NICOLE A. WILLIAMS, *individually and on
                                           behalf of others similarly situated*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND
HUDSON GRACE; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NICOLE A. WILLIAMS, individually and on behalf of others similarly situated,

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/18/2024 9:32 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill St., Los Angeles, CA 90012 | **24STCV01463** |

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan M. Genish, Blackstone Law, APC, 8383 Wilshire Blvd., Suite 745, Beverly Hills, California 90211, (310) 622-4278

| DATE: | 01/18/2024 | Clerk, by | J. Covarrubias | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan M. Genish (SBN 259031); Barbara DuVan-Clarke (SBN 259268); Alexander K. Spellman (SBN 250398); P.J. Van Ert (SBN 234858) Blackstone Law, APC, 8383 Wilshire Blvd., Suite 745, Beverly Hills, CA 90211 | **Electronically FILED by Superior Court of California, County of Los Angeles 1/18/2024 9:32 PM** |

TELEPHONE NO: (310) 622-4278        FAX NO.: (855) 786-6356
EMAIL ADDRESS: bdc@blackstonepc.com; aspellman@blackstonepc.com; pjvanert@blackstonepc.com
ATTORNEY FOR *(Name):* Plaintiff Nicole A. Williams

**David W. Slayton, Executive Officer/Clerk of Court, By J. Covarrubias, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Nicole A. Williams v. Euromarket Designs, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter      [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **24STCV01463** |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 9
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 17, 2024
Jonathan M. Genish
_____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nicole A. Williams v. Euromarket Designs, Inc. et al. | 24STCV01463 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| A<br>Civil Case Cover Sheet Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nicole A. Williams v. Euromarket Designs, Inc. et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | ①②③ |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nicole A. Williams v. Euromarket Designs, Inc. et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nicole A. Williams v. Euromarket Designs, Inc. et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE<br>Nicole A. Williams v. Euromarket Designs, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>23410 Civic Center Way Suite A-1 |
|---|---|
| CITY:<br>Malibu | STATE:<br>CA | ZIP CODE:<br>90265 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __January 17, 2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23    **CIVIL CASE COVER SHEET ADDENDUM**    LASC Local Rule 2.3
For Mandatory Use    **AND STATEMENT OF LOCATION**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**

**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:               FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                                                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):    FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

[ Print ]    [ Save ]                                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]            [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____          ➢ _____
            (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
            (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
            (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
            (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
            (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➢ _____
            (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➢ _____
            (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                                         JUDICIAL OFFICER

[ Print ]          [ Save ]                                   [ Clear ]



**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

General Order Re                              )     ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation        )     EXTENDING TIME TO RESPOND BY
Stipulations                                 )     30 DAYS WHEN PARTIES AGREE
                                             )     TO EARLY ORGANIZATIONAL
                                             )     MEETING STIPULATION
_____      )

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _May 11, 2011_                    _Carolyn B. Kuhl_

5                                             Carolyn B. Kuhl, Supervising Judge of the
                                             Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                        )
                                 )
                                 )
                                 )
_____  )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

1      d) Documents in Related Cases

2         Documents in related cases must be electronically filed in the eFiling portal for that case type if

3         electronic filing has been implemented in that case type, regardless of whether the case has

4         been related to a Civil case.

5  3) EXEMPT LITIGANTS

6      a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7         from mandatory electronic filing requirements.

8      b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9         Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10        from filing documents electronically and be permitted to file documents by conventional

11        means if the party shows undue hardship or significant prejudice.

12 4) EXEMPT FILINGS

13     a) The following documents shall not be filed electronically:

14        i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15            Civil Procedure sections 170.6 or 170.3;

16        ii)   Bonds/Undertaking documents;

17        iii)   Trial and Evidentiary Hearing Exhibits

18        iv)   Any ex parte application that is filed concurrently with a new complaint including those

19            that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20        v)    Documents submitted conditionally under seal. The actual motion or application shall be

21            electronically filed. A courtesy copy of the electronically filed motion or application to

22            submit documents conditionally under seal must be provided with the documents

23            submitted conditionally under seal.

24     b) Lodgments

25        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26 paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27 //

28 //

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i) Any printed document required pursuant to a Standing or General Order;

        ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii) Pleadings and motions that include points and authorities;

        iv) Demurrers;

        v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi) Motions for Summary Judgment/Adjudication; and

        vii) Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019        Kevin C. Brazile

11                                                  KEVIN C. BRAZILE
                                                    Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/18/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Covarrubias _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV01463 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/19/2024
   (Date)

**David W. Slayton, Executive Officer / Clerk of Court**

By J. Covarrubias _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court may impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

FILED
Superior Court of California
County of Los Angeles

02/01/2024

David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Aspiras _____ Deputy

1

2

3

4 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

5 **FOR THE COUNTY OF LOS ANGELES**

6

7

8  NICOLE A. WILLIAMS,

9

10                              Plaintiff,

11        v.

12  EUROMARKET DESIGNS, INC.

13                              Defendant.

14

15

16

|  |  |
|---|---|
| Case No. **24STCV01463** | |
| **INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)** | |
| Case Assigned for All Purposes to Judge William F. Highberger | |
| Department: SS10 Date: 04/15/2024 Time: 11:00 AM | |

17     This Initial Status Conference Order (Complex Class Actions) supplements a Minute

18 Order served concurrently herewith.  That Minute Order sets a date and time for the Initial

19 Status Conference and includes many other important provisions which are NOT repeated in this

20 Order.  Counsel must review that Minute Order carefully to be fully informed of your

21 obligations and the unique processes used in the Los Angeles Superior Court Complex

22 Courtrooms.

23     Note: Some provisions of this Order are in reference to wage-and-hour class actions and

24 may not be applicable to other types of class actions.  Insofar as they are irrelevant to your case,

25 say so in your Joint Initial Status Conference Response Statement.

26     Pending further order, the following is ordered:

27

28

1

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of

interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

■ Motion to Compel Arbitration,

■ Early motions in limine,

■ Early motions about particular jury instructions and verdict forms,

■ Demurrers,

■ Motions to strike,

■ Motions for judgment on the pleadings, and

■ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

3

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration,

---

[1] See California Rule of Court, Rule 3.768.

4

direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

If the parties have settled the class action, that too will require judicial approval based on a noticed

motion (although it may be possible to shorten time by consent for good cause shown).

## 17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary

approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of

Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

## 18. NOTICE OF THE ISC ORDER:

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or

if counsel is not known, on each defendant and file a Proof of Service with the court within

seven (7) days of the date of this Order.  If the Complaint has not been served as of the date

of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within

five (5) days of the date of this Order.  Once served, each as yet non-appearing defendant

shall file a Notice of Appearance (identifying counsel by name, firm name, address, email

address, telephone number and fax number).  The filing of a Notice of Appearance is without

prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b)

any affirmative defense, and (c) the filing of any cross-complaint in this action.

Dated: 02/01/2024

William F. Highberger / Judge
William F. Highberger
Judge of the Los Angeles Superior Court

---

[2] California Rule of Court, Rule 3.770(a)

5

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/02/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By:        R. Aspiras        Deputy |
| PLAINTIFF/PETITIONER:<br>Nicole A. Williams | |
| DEFENDANT/RESPONDENT:<br>Euromarket Designs, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV01463 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Initial Status Conference Order) of 02/02/2024, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jonathan M. Genish
Blackstone Law, APC
8383 Wilshire Boulevard
Suite 745
Beverly Hills, CA 90211

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/5/2024

By:  R. Aspiras
      Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

24STCV01463
NICOLE A. WILLIAMS vs EUROMARKET DESIGNS, INC.

February 2, 2024
10:21 AM

Judge: Honorable William F. Highberger
Judicial Assistant: R. Aspiras
Courtroom Assistant: R. Sanchez

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Initial Status Conference Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 04/15/2024 at 11:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

Minute Order                                                                    Page 1 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

**24STCV01463**                                                February 2, 2024
**NICOLE A. WILLIAMS vs EUROMARKET DESIGNS, INC.**            10:21 AM

Judge: Honorable William F. Highberger         CSR: None
Judicial Assistant: R. Aspiras                 ERM: None
Courtroom Assistant: R. Sanchez                Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

---

Minute Order                                                Page 2 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

24STCV01463                                      February 2, 2024
**NICOLE A. WILLIAMS vs EUROMARKET DESIGNS, INC.**        10:21 AM

Judge: Honorable William F. Highberger        CSR: None
Judicial Assistant: R. Aspiras                 ERM: None
Courtroom Assistant: R. Sanchez                Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

Case 2:24-cv-02932-SPG-MAR Document 1-1 Filed 04/11/24 Page 71 of 92 Page ID #:85

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | FOR COURT USE ONLY |
|---|---|---|
| Jonathan Genish | SBN: 259031 | | |
| BLACKSTONE PC | | |
| 8383 Wilshire Blvd Ste 745  Beverly Hills, CA 902112442 | | |

TELEPHONE NO.: (310) 971-9450 | FAX NO. | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff: NICOLE A. WILLIAMS

**LOS ANGELES SUPERIOR COURT**

STREET ADDRESS: 111 NORTH HILL STREET

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE- CENTRAL DISTRICT

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/13/2024 3:24 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Smith, Deputy Clerk

| PLAINTIFF: NICOLE A. WILLIAMS | CASE NUMBER: |
|---|---|
| DEFENDANT: EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE | 24STCV01463 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: NICOLE A. WILLIAMS |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* ADR (LASC CIV 271 Rev. 02/22); NOTICE OF CASE ASSIGNMENT; INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS); MINUTE COURT ORDER RE: INITIAL STATUS CONFERENCE ORDER; FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3. a. Party served *(specify name of party as shown on documents served):*
   **EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **JENN BAUTISTA ON BEHALF OF CSC - LAWYERS INCORPORATING SERVICE - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N
   Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/12/2024**   (2) at *(time):* **1:58 PM**
      **Age: 26-30 Weight: 141-160 Hair: Black Sex: Female Height: 5'1-5'6 Eyes: Brown Race: Asian**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
         *(date):* from *(city):*                              **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10
POS010-1/903699

1  Barbara DuVan-Clarke (State Bar No. 259268)
   BDC@blackstonepc.com
2  Alexander K. Spellman (State Bar No. 250398)
   aspellman@blackstonepc.com
3  P.J. Van Ert (State Bar No. 234858)
   pjvanert@blackstonepc.com
4  Annabel Blanchard (State Bar No. 258135)
   ablanchard@blackstonepc.com
5
   **BLACKSTONE LAW, APC**
6  8383 Wilshire Boulevard, Suite 745
   Beverly Hills, California 90211
7  Tel.: (310) 622-4278
   Fax: (855) 786-6356
8

9  *Attorneys for Plaintiff*
   NICOLE A. WILLIAMS
10

11 (counsel continued on next page)

12        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13             **FOR THE COUNTY OF LOS ANGELES**

14

15 | NICOLE A. WILLIAMS, individually and on behalf of others similarly situated, | Case No.: 24STCV01463 |
   | --- | --- |
16 | | *Assigned for All Purposes to Judge William F. Highberger, Dept. SS10* |
   | Plaintiff, | |
17 | | **JOINT INITIAL STATUS CONFERENCE** |
   | vs. | **STATEMENT** |
18 | | |
19 | EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE; and DOES 1 through 25, inclusive, | Date:  April 15, 2024 |
20 | | Time: 11:00 a.m. |
   | | Dept.: SS10 |
21 | Defendants. | |
22 | | Complaint Filed: January 18, 2024 |
   | | Trial Date: Not set |
23

24

25

26

27
                                  1
28

Angel J. Horacek (State Bar No. 245680)
angel@horaceklaw.com
**LAW OFFICES OF ANGEL J. HORACEK, PC**
5701 West Slauson Avenue, Suite 210
Culver City, CA 90230
Telephone: (310) 774-0323
Fax: (310) 774-3945

*Attorneys for Plaintiff*
NICOLE A. WILLIAMS

Ellen M. Bronchetti (SBN 226975)
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Telephone: (619) 848-2523
Facsimile: (949) 732-6501
ellen.bronchetti@gtlaw.com

Tayanah C. Miller (SBN 299123)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
millerta@gtlaw.com

Bailey A. Hashim (SBN 322098)
**GREENBERG TRAURIG, LLP**
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
bailey.hashim@gtlaw.com

*Attorneys for Defendant*
EUROMARKET DESIGNS, INC.
dba CB2 AND CRATE & BARREL
AND CRATE & KIDS AND HUDSON GRACE

2

**JOINT INITIAL STATUS CONFERENCE STATEMENT**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff NICOLE A. WILLIAMS ("Plaintiff") and Defendant EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE ("Defendant"; collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Initial Status Conference Statement pursuant to the Court's February 1, 2024, Initial Status Conference Order (Complex Class Actions) in advance of the Initial Status Conference scheduled for April 15, 2024, at 11:00 a.m. in Department SS10.

## 1. PARTIES AND COUNSEL

| Party Name | Counsel of Record |
|---|---|
| Plaintiff NICOLE A. WILLIAMS | Barbara DuVan-Clarke (State Bar No. 259268)<br>BDC@blackstonepc.com<br>Alexander K. Spellman (State Bar No. 250398)<br>aspellman@blackstonepc.com<br>P.J. Van Ert (State Bar No. 234858)<br>pjvanert@blackstonepc.com<br>Annabel Blanchard (State Bar No. 258135)<br>ablanchard@blackstonepc.com<br>**BLACKSTONE LAW, APC**<br>8383 Wilshire Boulevard, Suite 745<br>Beverly Hills, California 90211<br>Telephone: (310) 622-4278<br>Facsimile: (855) 786-6356<br><br>Angel J. Horacek (State Bar No. 245680)<br>angel@horaceklaw.com<br>**LAW OFFICES OF ANGEL J. HORACEK, PC**<br>5701 West Slauson Avenue, Suite 210<br>Culver City, CA 90230<br>Telephone: (310) 774-0323<br>Fax: (310) 774-3945 |
| Defendant EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE | Ellen M. Bronchetti (SBN 226975)<br>**GREENBERG TRAURIG, LLP**<br>12760 High Bluff Drive, Suite 240<br>San Diego, CA 92130<br>Telephone: (619) 848-2523<br>Facsimile: (949) 732-6501<br>ellen.bronchetti@gtlaw.com<br><br>Tayanah C. Miller (SBN 299123)<br>**GREENBERG TRAURIG, LLP**<br>101 Second Street, Suite 2200<br>San Francisco, CA 94105<br>Telephone: (415) 655-1300<br>Facsimile: (415) 707-2010<br>millerta@gtlaw.com<br><br>Bailey A. Hashim (SBN 322098)<br>**GREENBERG TRAURIG, LLP**<br>400 Capitol Mall, Suite 2400<br>Sacramento, California 95814<br>Telephone: (916) 442-1111<br>Facsimile: (916) 448-1709<br>bailey.hashim@gtlaw.com |

**JOINT INITIAL STATUS CONFERENCE STATEMENT**

### 2. STATUS OF PLEADINGS:

**Parties' Position**:

All Defendants were properly served, and proof of service was filed with the court on March 13, 2024. Defendant has not appeared in the case to date. The Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### 3. POTENTIAL ADDITIONAL PARTIES

**Plaintiff's Position:** Plaintiff does not anticipate adding additional parties but reserves the right to do so. Plaintiff, however, reserves the right to seek leave to amend this Complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law. Plaintiff further reserves the right to name additional defendants in the event that she ascertains additional necessary parties following completion of discovery.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### IMPROPERLY NAMED DEFENDANTS

**Plaintiff's Position:** Plaintiff believes Defendant is properly named in the lawsuit.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### 4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE

**Plaintiff's Position:** Plaintiff contends that she will be an adequate class representative because she has suffered the same labor code violations as other employees who worked for Defendants, she understands what this class action matter is about, and she has agreed to represent all

affected employees and put the interests of the class ahead of any individual interests he may have.

**Defendant's Position**: Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### 5. ESTIMATED CLASS SIZE

**Plaintiff's Position:** Plaintiff is unaware of the putative class size at this time. Plaintiff proposes using the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, and that the cost be borne on a pro rata share basis amongst the Parties.

**Defendant's Position**: Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITION

**Plaintiff's Position:** Plaintiff is not aware of any other action with potentially overlapping class definitions.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### 6. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES

**Plaintiff's Position:** Plaintiff is unaware of any relevant arbitration and/or class action waiver clauses at this time.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

**JOINT INITIAL STATUS CONFERENCE STATEMENT**

## 7. POTENTIAL EARLY CRUCIAL MOTIONS

**Plaintiff's Position:** Plaintiff does not anticipate filing any early crucial motions at this time.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

## 8. CLASS CONTACT INFORMATION

**Plaintiff's Position:** Plaintiff intends to propound special interrogatories seeking, *inter alia*, the names, phone numbers, addresses, and email addresses of the putative class members once the stay is lifted. Although Plaintiff contends that a *Belaire-West* opt-out notice is not required under California law, Plaintiffs are amenable to utilizing such a procedure in the event Defendants object to producing the contact information on privacy grounds. Plaintiff agrees to split the cost of the notice equally with Defendants.

**Defendant's Position**: Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

## 9. PROTECTIVE ORDERS

**Plaintiff's Position:** If any Defendants contend that discovery will seek documents and information that is proprietary or confidential, Plaintiff is amenable to utilizing the model Stipulation and Protective Order – Confidential Designation Only available on the Los Angeles Superior Court's website for the Complex Department.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

///

///

7

### 10. DISCOVERY

**Plaintiff's Position:** Plaintiff anticipates serving form interrogatories, special interrogatories, and requests for production of documents as soon as the stay on discovery is lifted. Plaintiff will propound narrowly tailored discovery geared towards class certification issues; however, Plaintiff anticipates there may be limited overlap with merits discovery to the extent that certification issues overlap with merits issues. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1023-24 (2012).

Plaintiff will also notice the deposition of Defendants' Person(s) Most Knowledgeable once Plaintiff is in possession of relevant documents. Plaintiff does not anticipate taking discovery of putative class members, except to the extent that if Defendants rely upon declarations of putative class members in moving for summary judgment or in opposing Plaintiff's class certification motion, Plaintiff will seek to take their depositions.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### 11. INSURANCE COVERAGE

**Plaintiff's Position:** Plaintiff is unaware of any insurance applicable to this lawsuit.

**Defendant's Position**: Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### 12. ALTERNATIVE DISPUTE RESOLUTION

**Plaintiff's Position:** Plaintiff is generally amenable to engaging in private mediation, provided Defendants agrees to provide necessary informal discovery and enter into certain formal stipulations regarding the Parties' conduct during the pendency of mediation.

**Defendant's Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial

**JOINT INITIAL STATUS CONFERENCE STATEMENT**

Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter.

### 13. TIMELINE FOR CASE MANAGEMENT

**Parties' Position:** Defendant has not appeared in the case to date. As stated, *supra*, the Parties' Counsel have communicated informally and agreed to request of this Court that the Initial Status Conference be continued by thirty (30) to forty-five (45) days so that the Parties and their counsel may further communicate about the matter and further discuss appropriate additional deadlines to request of this Court in this matter.

                                   Respectfully submitted,

Dated:  April 9, 2024              **BLACKSTONE LAW, APC**

                          By:   _____
                                Barbara DuVan-Clarke
                                Alexander K. Spellman
                                P.J. Van Ert
                                Annabel Blanchard
                                *Attorneys for Plaintiff NICOLE A. WILLIAMS*

Dated:  April 9, 2024              **GREENBERG TRAURIG, LLP**

                          By:    /s/ Bailey Hashim_____
                                Ellen Bronchetti
                                Tayanah Miller
                                Bailey Hashim

                                *Attorneys for Defendant EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE*

## <u>PROOF OF SERVICE</u>

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 8383 Wilshire Blvd, Suite 745, Beverly Hills, California 90211.

On April 9, 2024, I served the foregoing document(s) described as: **JOINT INITIAL STATUS CONFERENCE STATEMENT** on interested parties in this as follows:

Ellen M. Bronchetti (SBN 226975)
**GREENBERG TRAURIG, LLP**
12760 High Bluff Drive, Suite 240
San Diego, CA 92130
Telephone: (619) 848-2523
Facsimile: (949) 732-6501
ellen.bronchetti@gtlaw.com

Tayanah C. Miller (SBN 299123)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
millerta@gtlaw.com

Bailey A. Hashim (SBN 322098)
**GREENBERG TRAURIG, LLP**
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
bailey.hashim@gtlaw.com

*Attorneys for Defendant* EUROMARKET DESIGNS, INC. DBA CB2 AND CRATE & BARREL AND CRATE & KIDS AND HUDSON GRACE

Angel J. Horacek (State Bar No. 245680)
angel@horaceklaw.com
**LAW OFFICES OF ANGEL J. HORACEK, PC**
5701 West Slauson Avenue, Suite 210
Culver City, CA 90230
Telephone: (310) 774-0323
Fax: (310) 774-3945

*Attorneys for Plaintiff* NICOLE A. WILLIAMS

1

☒    **BY ELECTRONIC MAIL (E-MAIL):** I caused said document(s) to be delivered

2     electronically to be delivered to the above referenced addressee(s) via email from email
       address *jtor@blackstonepc.com* pursuant to California Code of Civil Procedure section

3     1010.6(e)(1). I did not receive any electronic message or other indication that the transmission
       was unsuccessful.

4

☒    **STATE:**

5     I declare under penalty of perjury under the laws of the State of California that the above is
       true and correct.

6

7     Executed on April 9, 2024 at Beverly Hills, California.

8

9                                                   _____
                                                          Jhessica Tor

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/10/2024 11:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Smith, Deputy Clerk

1  Ellen M. Bronchetti (SBN 226975)
   GREENBERG TRAURIG, LLP
2  12760 High Bluff Drive, Suite 240
   San Diego, CA 92130
3  Telephone: (619) 848-2523
   Facsimile: (949) 732-6501
4  ellen.bronchetti@gtlaw.com

5  Tayanah C. Miller (SBN 299123)
   GREENBERG TRAURIG, LLP
6  101 Second Street, Suite 2200
   San Francisco, CA 94105
7  Telephone: (415) 655-1300
   Facsimile: (415) 707-2010
8  millerta@gtlaw.com

9  Bailey A. Hashim (SBN 322098)
   GREENBERG TRAURIG, LLP
10 400 Capitol Mall, Suite 2400
   Sacramento, California 95814
11 Telephone:  916.442.1111
   Facsimile:  916.448.1709
12 bailey.hashim@gtlaw.com

13 Attorneys for Defendant
   EUROMARKET DESIGNS, INC.
14

15           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                     **COUNTY OF LOS ANGELES**

17

18

19 NICOLE A. WILLIAMS, individually and on      Case No. 24STCV01463
   behalf of others similarly situated,
20                                              *Assigned for all purposes to Hon. William F.*
          Plaintiff,                            *Highberger*
21
   v.                                           **DEFENDANT EUROMARKET DESIGNS,**
22                                              **INC.'S ANSWER TO PLAINTIFF NICOLE**
   EUROMARKET DESIGNS, INC. DBA CB2             **A. WILLIAMS' CLASS ACTION**
23 AND CRATE & BARREL AND CRATE &               **COMPLAINT**
   KIDS AND HUDSON GRACE; and DOES 1
24 through 25, inclusive,

25        Defendants.                           Action Filed:  January 18, 2024

26

27

28

                                            1

Defendant EUROMARKET DESIGNS, INC. ("Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff Nicole A. Williams ("Plaintiff") as follows;

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, Defendant denies, generally and specifically, each and every allegation, statement, matter, and purported cause of action contained in Plaintiff's Complaint. In further answer to the Complaint, Defendant denies that Plaintiff and/or any members of the putative class have suffered any injury, damage, or loss in any nature or manner whatsoever by reason of any acts or omissions of Defendant.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint, and the purported cause of action therein alleged, fails to state facts sufficient to constitute a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff seeks relief for any purported claims that were not brought before the expiration of the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action by not acting within a reasonable time in seeking the wages and/or penalties at issue, or otherwise reporting any alleged violation of wage and hour laws, and unreasonably delayed in the filing of this lawsuit, to Defendant's prejudice.

**FOURTH AFFIRMATIVE DEFENSE**

(Federal Preemption)

4.      Defendant alleges that, to the extent Plaintiff's claims involve conduct that is, or seek remedies that are, governed or regulated by federal law, such claims are preempted.

**FIFTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

5.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each cause of action alleged in the Complaint and lacks standing to represent the putative class.

**SIXTH AFFIRMATIVE DEFENSE**

(Estoppel)

6.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel based on Plaintiff's and/or the conduct of some or all of the putative class members.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

7.      Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint and the purported causes of action alleged therein are barred by the doctrine of unclean hands.

**EIGHT AFFIRMATIVE DEFENSE**

(Waiver)

8.      Defendant is informed and believes that Plaintiff has waived some or all of the purported causes of action alleged in the Complaint by virtue of her prior representations, actions and inaction with respect to her meal/rest periods and/or the wages at issue.

**NINTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

9.      The Complaint, and each cause of action stated therein, is barred or limited because Defendant took reasonable steps to provide measures and procedures to prevent and correct potential wage

and hour issues, Plaintiff unreasonably failed to use preventative and corrective measures and procedures that Defendant provided, and Plaintiff's reasonable use of such measures and procedures would have prevented some or all of the harm Plaintiff's allegedly suffered.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

10.    To the extent that Plaintiff seeks equitable relief, such claims are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain equitable relief.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

11.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff and/or members of the putative class members failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduce or eliminated by such failure.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

12.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff and/or members of the putative class members failed to timely and completely exhaust the requisite administrative remedies available to them under the California Labor Code and/or other provisions of applicable law prior to commencing this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Knowing and Intentional Failure)

13.    Defendant is informed and believes, and based upon such information and belief alleges, that even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized wage statements, Plaintiff and/or members of the putative class are not entitled to recover penalties because Defendant's alleged failure to comply with California Labor Code § 226 was not a "knowing and intentional failure."

4

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 226 – Clerical Error/Inadvertent Mistake)

14.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized wage statements, Plaintiff and/or members of the putative class should not recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was the result of clerical error or inadvertent mistake.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 226 – Substantial Compliance)

15.     Defendant is informed and believes, and based upon such information and belief alleges, that, Plaintiff and/or members of the putative class are not entitled to recover any damages or penalties because Defendant substantially complied with California Labor Code section 226(a).

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Willful or Intentional Violation)

16.     Defendant is informed and believes, and based upon such information and belief alleges, that even assuming *arguendo* Plaintiff and/or members of the putative class were not timely paid any final wages owed upon separation from employment, Plaintiff and/or members of the putative class are not entitled to recover penalties because Defendant's alleged failure to comply with California Labor Code § 203 was not willful nor intentional within the meaning of California Labor Code §§ 201, 202, or 203.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

17.     Defendant is informed and believes, and on that basis alleges, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith, Defendant had reasonable grounds for believing that its wage payment practices complied with applicable laws, and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or members of the putative class are not entitled to any penalties or damages in excess of any wages which might be found to be due. Specifically, Plaintiff cannot recover California Labor Code section 226 or section 203 civil penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute

5

regarding the applicable law or fact.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set-Off/Offset/Recoupment)

18.     Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint and the purported causes of action alleged therein are subject to setoff, offset and/or recoupment to the extent Plaintiff and/or members of the putative class have already been compensated for the hours worked and/or received meal and rest break premiums for which they seek compensation here.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages – Labor Code § 1194.2(b))

19.     Defendant is informed and believes, and on that basis alleges, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission related to minimum wage was an act or omission made in good faith. Defendant had reasonable grounds for believing that its wage payment practices complied with applicable laws, and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or members of the putative class are not entitled to any liquidated damages. Specifically, Plaintiff cannot recover liquidated damages under California Labor Code section 1194.2 because any alleged failure to pay minimum wages was based on an act or omission made in good faith and Defendant has reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code or an Order of the Industrial Welfare Commission related to minimum wage.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

20.     Defendant alleges there exists a bona fide dispute as to whether any further compensation is actually due to Plaintiff and/or members of the putative class and, if so, the amount thereof.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (De Minimis)

21.     Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant's acts or omissions, if any, and the

6

alleged damages are de minimis.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Accord, Satisfaction and Release)

22.    Defendant alleges that Plaintiff's and/or members of the putative class claims are barred by accord and satisfaction, release, and/or settlement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – Failure to Allege Facts with Reasonable Particularity)

23.    Defendant alleges that Plaintiff's purported cause of action for unfair, unlawful and/or fraudulent business practices under California Business and Professions Code section 17200 *et seq.* is barred and/or limited by law because Plaintiff has failed to state with reasonable particularity the facts supporting the statutory elements of the alleged violation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – Practices Not Unfair, Unlawful or Fraudulent)

24.    Defendant alleges that Plaintiff's purported cause of action for unfair, unlawful and/or fraudulent business practices under California Business and Professions Code section 17200 *et seq.* is barred and/or limited by law because any purported practice by Defendant was not unfair, unlawful, or fraudulent.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – No Continuing Violation)

25.    To the extent the Complaint seeks to enjoin Defendant from engaging in alleged unfair, unlawful and/or fraudulent business actions or practices, if any, such claims are moot because, assuming *arguendo* that Defendant engaged in any such actions or business practices, Defendant has since discontinued, modified, and/or corrected its policies and practices and no longer engage in the alleged conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – Defense Against "Borrowed" Law)

26.    Defendant alleges that the Complaint's purported cause of action for unfair, unlawful and/or fraudulent business practices is barred and/or limited by law because Plaintiff fails to state facts

7

sufficient to constitute claims upon which relief can be granted against Defendant and from which Plaintiff's unfair, unlawful and/or fraudulent business practices claim "borrows," and/or Defendant has complied with the underlying laws for which Plaintiff's unfair, unlawful and/or fraudulent business practices claim seeks redress.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Attorneys' Fees and Costs)

27.    Defendant alleges that the Complaint fails to state a claim for attorneys' fees and costs under California Labor Code section 1194, California Civil Code section 1021.5, California Business and Professions Code section 17200 *et seq.*, or any other basis.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Lack of Irreparable Injury)

28.    Defendant alleges that Plaintiff and/or members of the putative class are not entitled to injunctive relief as Plaintiff and/or members of the putative class have not suffered any irreparable injury.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

30.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## THIRTIETH AFFIRMATIVE DEFENSE

(Binding Arbitration)

31.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's Complaint is barred, in whole or in part, because the claims alleged may be subject to a mandatory and binding arbitration agreement between Defendant and Plaintiff and/or between Defendant and some or all of the putative class members, and therefore may not be litigated in court.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during investigation and discovery in this action. Defendant expressly reserves the right to amend the Answer to assert any such defenses.

8

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by her unverified Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That the Complaint be dismissed in its entirety with prejudice;

4.      That Defendant be awarded reasonable attorneys' fees according to proof;

5.      That Defendant be awarded the costs of suit incurred herein; and

6.      That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

                              Respectfully submitted,

Dated:  April 10, 2024        GREENBERG TRAURIG, LLP

                        By _____
                              ELLEN BRONCHETTI
                              TAYANAH C. MILLER
                              BAILEY A. HASHIM

                              Attorneys for Defendant
                              EUROMARKET DESIGN, INC.

**DEFENDANT EUROMARKET DESIGNS, INC.'S ANSWER TO PLAINTIFF NICOLE A. WILLIAMS' CLASS ACTION COMPLAINT**

Nicole A. Williams vs. Euromarket Designs, Inc.
Los Angeles County Superior Court Case No. 24STCV01463

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am employed in the County of San Francisco, State of California and my business address is Greenberg Traurig, LLP, 101 Second Street, Suite 2200, San Francisco, California 94105.

On this day, I caused to be served the following document(s):

**DEFENDANT EUROMARKET DESIGNS, INC.'S ANSWER TO PLAINTIFF NICOLE A. WILLIAMS' CLASS ACTION COMPLAINT**

By placing ☐ the original ☒ a true copy into sealed envelopes addressed and served as follows:

| | |
|---|---|
| Jonathan M. Genish<br>Barbara DuVan-Clarke<br>Alexander K. Spellman<br>P.J. Van Ert<br>BLACKSTONE LAW, APC<br>8383 Wilshire Boulevard, Suite 745<br>Beverly Hills, California 90211<br>jgenish@blackstonepc.com<br>BDC@blackstonepc.com<br>aspellman@blackstonepc.com<br>pjvanert@blackstonepc.com<br><br>Angel J. Horacek<br>LAW OFFICES OF ANGEL J. HORACEK, PC<br>5701 West Slauson Avenue, Suite 210<br>Culver City, CA 90230<br>angel@horaceklaw.com | Attorneys for Plaintiff<br><br>NICOLE A. WILLIAMS |

☒    **BY MAIL**: I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal Service at San Francisco, California, after the close of the day's business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2024 at San Francisco, California.

_____
**Karen D. Davis**